Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20592

v.

JIMMIE LEE PARKER
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at the Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__   (1)   The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___ (2) The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of less than five years has elapsed since

    ___ the date of conviction, **or**

    ___ the Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.     Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

    ___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    XX the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.     Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___ (1) There is a serious risk that the Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

XX both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically marijuana, along with the possession of a weapon by a felon. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 33 years of age and is a lifetime Saginaw resident. Defendant lists an address on Casimer where he has lived for

the past two years with his grandmother and his brother. The Defendant has also resided with his mother for a period of time on Weber Street. Defendant also reported to Pretrial Services that he resides with his girlfriend on Houghton Street.  The Defendant conceded to Pretrial Services that he uses marijuana and has done so for 15 years.  Preliminary urinalysis testing was positive for marijuana.

In December, 2002, the Defendant pled guilty to felony controlled substances possession less than 25 grams.   The Defendant was sentenced to 24 months probation. The Defendant was discharged in 2005 without improvement.  Although additional details are not available, this notation indicates that the Defendant's state Probation Officer believed that the Defendant apparently did not fully comply with the terms of his probation.  The Government proffers that Count One of the Indictment arises out of a search of the residence of the Defendant's girlfriend, at which, as mentioned, the Defendant was also residing.  That search revealed the presence of 17 pounds of marijuana, a 45 caliber pistol, digital scales and over $2000 in cash.

From these facts, I conclude that the Defendant exhibits a pattern of distribution of controlled substances.  Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No.

07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

As I weigh the evidence presented under the standards of the Bail Reform Act, I conclude that while the Defendant has consistently resided in this area, he appears to have few if any meaningful economic ties this area, and in light of his criminal history, I conclude that the presumption has not been rebutted on the evidence presented. I further conclude that even if it had, I am unable to craft any conditions or combination of conditions that would meaningfully assure the safety of the community, or the Defendant's appearance as required. The Government's motion to detain will therefore be **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: December 17, 2009               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Jeffrey Day, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 17, 2009         By    s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder